IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT GREGORY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-00308 ) ) |
| SUCCESS MORTGAGE PARTNERS, INC., | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DAMAGES**

COMES NOW, the Plaintiff, Robert Gregory, by and through counsel, Anthony M. Stites, on behalf of Barrett McNagny LLP and for his Complaint for Damages states as follows:

### I.     INTRODUCTION

1. Plaintiff Robert Gregory ("Plaintiff") alleges that Defendant Success Mortgage Partners, Inc. ("Defendant") failed to pay him for wages earned in violation of the relevant provisions of the Fair Labor Standard Act ("FSLA"), 29 U.S.C. §203 *et seq.*, the Michigan Wage and Fringe Benefits Act ("WFBA"), Mich. Comp. Laws Ann. § 408.471 *et seq.*, and Defendant breached the written contract between the parties. Plaintiff is owed unpaid wages, liquidated damages, reasonable attorney's fees and costs, an amount representing a ten percent (10%) penalty on all withheld wages, and all other relief available under state and federal law.

## II.  PARTIES

2. Plaintiff is an adult domiciled in Allen County, Indiana.

3. Defendant is a corporation with its principal place of business located at 1200 S. Sheldon Road, Suite 150, in Plymouth, Michigan, and conducts business as a foreign for profit corporation in the State of Indiana.

## III.  JURISDICTION AND VENUE

4. This cause represents a federal question over which this Court has original jurisdiction pursuant to 28 USC § 1331.

5. Venue is appropriate in this Court pursuant to 28 USC § 1391(b)(2), as all of the events or omissions giving rise to the claim occurred in this judicial district.

6. Defendant is an employer as that term is defined within the FLSA.  29 USC § 203(d).

7. Plaintiff was an employee of Defendant as that term is defined within the FLSA. 29 USC § 203(e).

8. Defendant is subject to the FLSA and the Michigan Wage and Fringe Benefits Act.

## IV.  FACTUAL ALLEGATIONS

9. Plaintiff incorporates the foregoing paragraphs 1 through 8 as if fully set forth herein.

10. Plaintiff was employed by Defendant until May 2022.

11. Plaintiff voluntarily separated his employment with Defendant.

12. At all relevant times during Plaintiff's employment with Defendant, Plaintiff was directly engaged in interstate commerce.

13. Defendant is an enterprise which is engaged in interstate commerce, pursuant to 29 USC § 206.

14. Pursuant to the Loan Officer Employment Agreement, executed by and between Plaintiff and Defendant, and Addendum A, incorporated by reference (the "Agreement"), Plaintiff was entitled to payment for commissions earned on closed (or locked) loans for thirty (30) days following the end of his employment with Defendant. A true and accurate copy of the Agreement is attached hereto and incorporated herein by reference as Exhibit A.

15. Despite Plaintiff's continued demands, Defendant has failed to compensate him for wages due and owing.

16. Plaintiff filed a wage claim with the Indiana Department of Labor.

17. Pursuant to I.C. §22-2-9-4, the Indiana Commissioner of Labor referred claims to the Indiana Attorney General, who, in turn, referred the subject wage claim to the undersigned for prosecution. A true and accurate copy of the Indiana Attorney General's Assignment Letter is attached hereto and incorporated herein by reference as Exhibit B.

18. Plaintiff has exhausted all requisite administrative remedies and has standing to pursue both his federal and state law claims before this Court.

19. This Court has supplemental jurisdiction over the Plaintiff's cause of action, under the Michigan Wage and Fringe Benefits Act, pursuant to 28 U.S.C. §1367(a).

20. Plaintiff asserts this supplemental claim pursuant to Paragraph VIII of the Agreement, which provides that the laws of the State of Michigan govern said

Agreement.

## V. CAUSES OF ACTION

### *COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT*

21. Plaintiff realleges and incorporates the foregoing paragraphs 1 through 20 as if fully set forth herein.

22. The FLSA protects employees by ensuring they are paid for all amounts earned for work which has been performed.

23. The FLSA further protects those employees who earn commissions as a form of wages.

24. Defendant is subject to the FLSA.

25. Plaintiff was entitled to commission compensation in the form of wages for the work performed in closing loans.

26. The loan commissions resulting in the withheld wages at issue had been closed for the requisite period of time by which Plaintiff should have subsequently been issued payment.

27. Defendant did not compensate Plaintiff for the commission he earned.

28. Defendant's conduct is unlawful and willful.

### *COUNT II – VIOLATION OF MICHIGAN WAGE AND FRINGE BENEFIT ACT*

29. Plaintiff realleges and incorporates the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. The Michigan Wage and Fringe Benefit Act (the "WFBA") defines "wages" as all earnings of an employee—whether determined on the basis of time,

task, piece, commission, or other method of calculations—for labor or services, except those earnings defined as fringe benefits. Mich. Comp. Laws §408.471(f).

31. Plaintiff was entitled to commissions on loans closed for thirty (30) days following his employment in the form of wages.

32. Defendant has failed to compensate Plaintiff for his wages due and owing in a timely fashion.

33. Plaintiff has been damaged in the form of lost wages as a result of Defendant's conduct and failure to pay wages under the WFBA.

## *COUNT III – BREACH OF CONTRACT*

34. Plaintiff realleges and reincorporates the preceding paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff and Defendant entered into a written contract with regard to certain terms and conditions of Plaintiff's compensation during the period of his employment.

36. The Agreement attached hereto is a written contract.

37. Defendant breached the contract by failing to provide Plaintiff with all of the compensation agreed upon by the parties, including, but not limited to, Plaintiff's commission for closed loans which he procured.

38. Plaintiff performed under the terms and conditions of the Agreement.

39. Plaintiff has been damaged in the form of lost wages as a result of Defendant's breach of the contract.

## VI. PRAYER FOR RELIEF

40. Plaintiff realleges and incorporates the preceding paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff requests that the Court enter judgment against Defendant and grant the following relief:

    a. Reimbursement of Plaintiff's unpaid wages, in an amount to be determined at trial, plus interest at the statutory rate;

    b. Liquidated damages for all unpaid wages pursuant to the Fair Labor Standards Act;

    c. Liquidated damages for all unpaid wages pursuant to the Michigan Wage and Fringe Benefits Act;

    d. All damages as allowed for by any applicable law.

    e. All other economic damages shown to be causally related to Defendant's conduct;

    f. Prejudgment interest;

    g. Costs and attorney's fees and other costs related to this action under all applicable laws; and

    h. For all other just and proper relief in the premises.

|  |  |
|---|---|
| Date: September 12, 2022 | BARRETT MCNAGNY LLP<br><br>By: */s/Anthony M. Stites*<br>Anthony M. Stites, #14078-71<br>215 E. Berry Street<br>P. O. Box 2263<br>Fort Wayne, IN 46801<br>Phone: (260) 423-9551<br>Fax:   (260) 423-8920<br>E-mail: ams@barrettlaw.com<br>Attorney for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 12th day of September 2022, electronically filed the foregoing with the Clerk of Court using the Court's IEFS system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Meri Klingman, Esq.
Success Mortgage Partners, Inc.
1200 S. Sheldon Road, Ste. 150
Plymouth, MI 48170
*Attorney for Plaintiff*

 */s/Anthony M. Stites*
Anthony M. Stites